# EXHIBIT A

# PLAINTIFF'S COMPLAINT

BACKUS, CARRANZA & BURDEN
3050 SOUTH DURANGO
LAS VEGAS, NEVADA 89117
TELE: (702) 872-5555   FAX: (702) 872-5545

# EXHIBIT A

# PLAINTIFF'S COMPLAINT

Electronically Filed
8/3/2022 10:56 AM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
JACOB S. SMITH, ESQ.
Nevada Bar No. 10231
HENNESS & HAIGHT
8972 Spanish Ridge Avenue
Las Vegas, Nevada 89148
Tel: (702) 862-8200
Fax: (702) 862-8204
Jake@hennessandhaight.com
*Attorney for Plaintiff*

CASE NO: A-22-856370-C
Department 32

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| MY VAN THI ANDERSON,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ALBERTSON'S LLC, a foreign limited liability Company; and DOES I-X; and ROE CORPORATIONS I-X, inclusive,<br>　　　　　Defendants. | Case No.:<br>Dept. No.: |

**COMPLAINT**

　　　Plaintiff, MY VAN THI ANDERSON, by and through her attorney, JACOB S. SMITH, ESQ., of HENNESS & HAIGHT, Injury Attorneys, and for her causes of action against Defendants, and each of them, alleges as follows:

　　　1.　　That at all times relevant to these proceedings, Plaintiff, MY VAN THI ANDERSON, (hereinafter referred to as "Plaintiff") was and is a resident of the County of Clark, State of Nevada.

　　　2.　　That at all times relevant to these proceedings and upon information and belief, Defendant, ALBERTSON'S LLC (hereinafter referred to as "Albertson's"), was and is a Delaware limited liability company organized and existing pursuant to the laws of the State of Delaware, and authorized to do and doing business in the County of Clark, State of Nevada,

1

some of whose owners and/or members are citizens of Nevada.

3.     Pursuant to NRCP 10(a) and *Nurenberger Hercules-Werke GMBH v. Virostek*, 107 Nev. 873, 822 P.2d 1100 (1991), the true names and capacities, whether individual, corporate, associate or otherwise of Defendants named herein as DOES I through X, DOE EMPLOYEES I through X, and ROE CORPORATIONS I through X, are unknown to Plaintiff, who, therefore, sues said Defendants by said fictitious names. Upon information and belief, these DOE and ROE Defendants, and each of them, are responsible in some manner for the events and happenings upon which this action is premised, or of similar actions directed against Plaintiff about which Plaintiff is presently unaware, and which directly and proximately caused injury and damages to Plaintiff as herein alleged. DOE and ROE Defendants include, but are not limited to employees, independent contractors, subcontractors, suppliers, cleaning personnel, maintenance staff, and/or volunteers. Plaintiff will ask leave of this Court to amend her Complaint to insert the true names and capacities of DOES I through X, and ROE CORPORATIONS I through X, when the same have been ascertained and to join such Defendants in this action.

4.     That hereinafter references to "Defendants" include collective reference to the named Defendant, and all DOE and ROE Defendants who might have performed or failed to perform the same actions hereinafter alleged committed by the named Defendants.

5.     That Defendants, and each of them, include the subsidiaries, parent companies, successors and predecessors in interest, assignees, alter egos, or otherwise, and are liable for the liabilities of Defendants, and each of them. At all times mentioned herein, each Defendant was acting as the agent, servant, and/or employee of each other Defendant.

6.     Such DOES, and ROE CORPORATIONS, include, but are not limited to the predecessors and successors in interest of Defendants, and each of them.

7.     At all times mentioned herein, Defendants, and each of them, were the agents, servants, partners and/or employees of each and every other Defendant, and were acting within the course and scope of their agency, partnership and or/employment.

2

8.     All Defendants have had such minimum contacts with the state of Nevada so as to grant this Court jurisdiction over their person, whether generally, or as a specific result of the facts giving rise to this complaint.

9.     This Court has jurisdiction over this matter under NRS 14.065 and NRS 4.370(1), as facts alleged occurred in Clark County, Nevada and involved an amount in controversy in excess of $75,000.00.  Venue is proper as the subject incident and conduct of Defendants, and each of them, occurred within the County of Clark, State of Nevada.

### FIRST CAUSE OF ACTION

### (NEGLIGENCE AS TO ALL DEFENDANTS)

10.     Plaintiff re-alleges and incorporates by reference the allegations contained in previous paragraphs of this Complaint as though set forth fully herein.

11.     Defendants, and each of them, owned and were charged with controlling, inspecting, maintaining, managing, or were otherwise responsible for the condition of the premises located within Defendants' Albertson's store located at 6885 E. Lake Mead Blvd, Las Vegas, Nevada 89156.

12.     Defendants owed a duty to its patrons, including Plaintiff, to maintain its premises in a reasonably safe manner.

13.     That on or about August 9, 2020, Plaintiff was a patron at the premises of Defendant, Albertson's, located at 6885 E. Lake Mead Blvd., Las Vegas, Nevada.

14.     That on or about August 9, 2020, Defendants, and each of them, breached their duty to Plaintiff by carelessly and negligently creating, owning, controlling, inspecting, and maintaining the premises in an unstable and dangerous condition so as to allow a hazardous condition to exist on the floor of the store, that being an electrical box in the walkway of the checkout aisle (hereinafter referred to as the "hazard"), which caused Plaintiff to trip, and as a proximate result thereof, Plaintiff was injured.

3

15.     That on or about August 9, 2020, Defendants, and each of them, failed to properly ensure that the electrical box in the checkout aisle would not create a hazard for patrons, including the Plaintiff.

16.     That on or about August, 2018, Defendants, and each of them, knew about the hazardous condition but did not remedy it or warn of it.

17.     That as a direct and proximate result of Defendants, and each of them, as well as their employee/agent's negligent acts and/or omissions and breach of duty, Plaintiff sustained severe and debilitating injuries.

18.     That as a further direct and proximate result of this hazard, Plaintiff incurred, and will incur in the future, medical expenses in an amount to be proven at the time of trial, but in excess of $75,000.00.

19.     That as a further direct and proximate result of the aforesaid negligence of Defendants, and each of them, Plaintiff has incurred substantial out-of-pocket expenses including, but not limited to, money spent for prescriptions, medication, and medical expenses.

20.     That as a further direct and proximate result of the aforesaid negligence of Defendant, Plaintiff has endured physical and emotional pain and suffering, and will be forced to endure future physical and emotional pain associated with her continued medical treatment, recuperation, and limitations associated with her injuries into the foreseeable future.

21.     That as a further and direct proximate cause of the negligence of the Defendants, and each of them, Plaintiff has suffered and continues to suffer significant deterioration in her enjoyment of life and lifestyle.

22.     That as a further direct and proximate result of other aforesaid negligence of Defendants, and each of them, Plaintiff incurred damages well in excess of Fifteen Thousand Dollars ($15,000.00).

23.     That Plaintiff has further been forced to retain the services of an attorney to prosecute this action and is entitled to reasonable attorneys' fees and costs of suit incurred herein

## SECOND CAUSE OF ACTION

### (NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION AS TO ALL DEFENDANTS)

24.     Plaintiff re-alleges and incorporates by reference the allegations contained in all the preceding paragraphs of this Complaint as though fully set forth herein.

25.     Defendants, and each of them, had a duty to exercise ordinary and reasonable care in the screening, hiring and maintaining of its employees, and to ensure that they were qualified and suitable to perform the duties in a reasonably safe manner, and to thereafter provide such employees with the proper and necessary supervision and training so that the employees do not cause harm to the public during the course and scope of their employment.

26.     Defendants, and each of them, breached this duty when it chose not to exercise ordinary and reasonable care in screening, hiring, training and/or supervising its employees, which caused the subject incident to occur.

27.     As a result of Defendants' decision not to adequately screen, hire, train, and/or supervise its employees, those employees failed to inspect, prevent and/or remove a hazardous condition at the store.

28.     Plaintiff was injured due to the hazardous condition within the subject store that was created and/or allowed to exist as a result of Defendants' failure to adequately screen, hire, train, and/or supervise its employees.

29.     The negligence, carelessness, and recklessness of Defendants, and each of them, in its screening, hiring, training, supervising, and retention of its employees, were the actual and proximate cause of Plaintiff's injuries and damages.

30.     That as a further direct and proximate result of these actions and/or inactions, and each of them, Plaintiff incurred, and will incur in the future, medical expenses in an amount to

be proven at the time of trial.

31.    That as a further direct and proximate result of the aforesaid negligence of Defendants, and each of them, Plaintiff has incurred substantial out-of-pocket expenses including, but not limited to, money spent for prescriptions, medication, and medical expenses.

32.    That as a further direct and proximate result of the aforesaid negligence of Defendant, Plaintiff has endured physical and emotional pain and suffering. And will be forced to endure future physical and emotional pain associated with his continued medical treatment, recuperation, physical therapy and limitations associated with his injuries into the foreseeable future.

33.    That as a further and direct and proximate cause of the negligence of Defendants, and each of them, Plaintiff has suffered and continues to suffer significant deterioration in her enjoyment of life and lifestyle.

34.    That as a further direct and proximate result of other aforesaid negligence of Defendant, Plaintiff incurred damages in excess of $75,000.00.

35.    That Plaintiff has further been forced to retain the services of an attorney to prosecute this action and is entitled to reasonable attorneys' fees and costs of suit incurred herein.

## **PRAYER FOR RELIEF**

WEREFORE, Plaintiff expressly reserving the right to amend her Complaint at the time of trial of the actions herein to include all items of damages not yet ascertained, demands judgment against Defendants, and each of them, as follows:

1.    General damages in an amount in excess of $15,000.00;

2.    Damages for costs of medical care and treatment and costs incidental thereto, when the same have been fully ascertained;

3.    For damages for costs of future medical care and treatment and costs incidental thereto, when the same have been fully ascertained;

///

4.  Reasonable attorneys' fees and costs of suit incurred herein; and

5.  All other damages incurred with this Court may find reason to award.

DATED this _3rd_ day of August, 2022.


                              HENNESS & HAIGHT


                    By:     /s/ Jacob S. Smith, Esq.
                            JACOB S. SMITH, ESQ.
                            Nevada Bar No. 10231
                            8972 Spanish Ridge Avenue
                            Las Vegas, Nevada  89148
                            Jake@hennessandhaight.com
                            *Attorney for Plaintiff*

7